IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENGER COSSICH,** | CIVIL NO. 22-cv- |
| Plaintiff, | |
| v. | SECTION: |
| **FAT CATZ MUSIC CLUB, INC.** | JUDGE: |
| Defendant. | MAGISTRATE: |

**COLLECTIVE ACTION COMPLAINT AND
REQUEST FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **GENGER COSSICH**, a person of the age of majority, who respectfully represents that:

1. **FAT CATZ MUSIC CLUB, INC.** (hereinafter "FAT CATZ"), a Louisiana corporation domiciled in Orleans Parish, doing business as Fat Catz, is made defendant herein, and is justly and truly indebted to Plaintiff and a class of similarly situated persons for such monies owed for past unpaid wages, damages, penalties, and attorneys' fees as are reasonable in the premises, together with interest thereon from date of judicial demand until paid, and for all costs of this proceeding, for the following reasons.

**INTRODUCTION**

2. This is a collective action brought by Plaintiff, **GENGER COSSICH**, on behalf of herself and all individuals who worked for FAT CATZ as a shot girl during the relevant time period. This action is composed of all persons who, during the relevant time period, worked as a shot girl for Defendant (later referred to as the "Plaintiff Class"). Specifically, Plaintiff alleges that Defendant misclassified Plaintiff, and the Plaintiff Class, as "independent contractors," as opposed to employees, at all times in which they worked as shot girls at Fat Catz. As a result, Defendant failed to pay Plaintiff, and the Plaintiff Class, minimum wage as required under federal law. Furthermore, Plaintiff alleges that Defendant violated the laws relative to overtime pay and the collection of tips. Plaintiff brings this collective action seeking injunctive relief, damages, backpay, restitution, liquidated damages, civil

1

penalties, prejudgment interest, and any other relief that the Court deems just and reasonable under the circumstances.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this court by 42 U.S.C. § 201, *et. seq.*, and by 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) in that the claim arose in the Eastern District of Louisiana, because Defendant conducts business in the Eastern District of Louisiana and Plaintiff was employed in the Eastern District of Louisiana.

## PARTIES

5. Plaintiff, **GENGER COSSICH**, is a person of the age of majority. At all relevant times, Plaintiff was a resident of Jefferson Parish. At all relevant times, Plaintiff was, but is no longer, an employee of Defendant, as defined in 29 U.S.C. § 201 *et seq*, working previously as a shot girl at Fat Catz, located at 440 Bourbon Street, New Orleans, Louisiana, from approximately May to July 2021.

6. At all relevant times, Defendant was and remains an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s). Defendant constitutes an enterprise within the meaning of 29 U.S.C. § 203(r)(1), because it performs related activities through common control for a common business purpose. Furthermore, FAT CATZ is considered an "employer" within the meaning of 29 U.S.C. § 203(e)

7. At all times material hereto, Plaintiff and the Plaintiff Class have been misclassified as "independent contractors" and by Defendant **FAT CATZ**.

8. At all times material hereto, Plaintiff and the Plaintiff Class were employed by Defendant **FAT CATZ**, which was engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**FACTS**

9. At all times material hereto, Plaintiff and each member of the Plaintiff Class, defined below, were employees of Defendant, under the Fair Labor Standards Act ("FLSA"). Upon information and belief, during the relevant time period, at least 15 different women have worked as shot girls at **FAT CATZ** without being paid any minimum wage.

10. At all relevant times, Defendant employed Plaintiff and the Plaintiff Class, under the FLSA. Defendant maintained control over Plaintiff and the Plaintiff Class while working at **FAT CATZ**. Defendant established the employment policies that applied to Plaintiff and the Plaintiff Class while working at **FAT CATZ**. Defendant benefited financially from the work Plaintiff and the Plaintiff Class performed while working at **FAT CATZ**. Additionally, Defendant supervised Plaintiff and the Plaintiff Class. As employers of the Plaintiff Class, Defendant is responsible for compliance with all of the applicable provisions of the FLSA, as provided in 29 C.F.R. § 791.2(a) and (b).

11. At all times material hereto, the employment terms, conditions and policies that applied to Plaintiff were the same as those applied to the other members of the Plaintiff Class.

12. Throughout the relevant time, Defendant's policies and procedures regarding the classification of all shot girls, including Plaintiff, at **FAT CATZ**, were the same.

13. Plaintiff's injuries were caused by Defendant's application of this common policy in the same manner as they were applied to any absent class members.

14. As a matter of common business policy, Defendant misclassified Plaintiff and the Plaintiff Class who worked as shot girls as "independent contractors," as opposed to employees. Defendant's classification of Plaintiff and the Plaintiff Class as independent contractors was not due to any unique factor related to their employment or relationship with Defendant. As a result of this classification, Plaintiff, and the Plaintiff Class, were not paid the minimum wages required under the FLSA.

15. At all relevant times, Plaintiff and the Plaintiff Class, received no compensation from Defendant. Plaintiff and the Plaintiff Class generated their income solely through the tips received from customers for serving drinks.

16. Plaintiff and the Plaintiff Class are tipped employees under the FLSA, as they are engaged in an occupation in which they customarily and regularly receive more than $30 a month in tips. As employees of Defendant, Plaintiff and the Plaintiff Class are entitled to: (i) receive minimum wages under the FLSA, and (ii) to retain all tips given to them by customers when they serve drinks.

17. Defendant's misclassification of Plaintiff and the Plaintiff Class as independent contractors was designed to deny members of the Plaintiff Class their fundamental rights as employees to receive minimum wages and to retain tips given to them by customers solely to enhance Defendant's profits.

18. While working at **FAT CATZ**, members of the Plaintiff Class served drinks to customers and would be paid in tips.

19. Plaintiff and members of the Plaintiff Class do not exercise the skill and initiative of a person in business for themselves.

20. Defendant employs guidelines and rules dictating the way in which a shot girl must conduct herself while working at FAT CATZ. Defendant sets the hours of operation, dictates what the shot girl wears, the shifts during which a shot girl must serve drinks and the length of time of those shifts, and all other terms and conditions of employment.

21. Defendant sets all shift times. Defendant exercises control over the Plaintiff and members of the Plaintiff Class by dictating when they must start and complete their shift.

22. Defendant requires that Plaintiff and the other members of the Plaintiff Class work a minimum number of shifts each week. Further, members of the Plaintiff Class are required to sign-in and sign-out at the beginning and end of each shift.

23. Plaintiff and the other members of the Plaintiff Class are not required to have any specialized or unusual skills to work at the Club. Prior serving experience is not required to work at FAT CATZ. Members of the Plaintiff Class are not required to attain a certain level of skill in order to work at FAT CATZ.

24. Plaintiff and the Plaintiff Class do not have the opportunity to exercise the business skills necessary to elevate their status to that of independence contractors. Members of the Plaintiff Class own no enterprise. Members of the Plaintiff Class maintain no separate business structures or facilities.

25. Plaintiff and the members of the Plaintiff Class do not exert control over a meaningful part of Defendant's business and do not stand as separate economic entities from Defendant. Defendant exercises control over all aspects of the working relationship with the Plaintiff Class.

26. Defendant has complete control over those conditions at FAT CATZ over which members of the Plaintiff Class are inextricably linked. Plaintiff and the other members of the Plaintiff Class are completely dependent on FAT CATZ for their earnings.

27. Defendant controls all the advertising and promotion without which the shot girls in the Plaintiff Class could not survive economically.

28. Defendant creates and controls the atmosphere and surroundings at FAT CATZ, the existence of which dictates the flow of customers into FAT CATZ. Plaintiff and members of the Plaintiff Class have no control over the customer volume or the atmosphere at FAT CATZ.

29. Members of the Plaintiff Class exercise no control over customer volume or atmosphere at FAT CATZ. Members of the Plaintiff Class do not actively participate in any effort to increase its client base, enhance goodwill, or establish contracting possibilities.

30. Plaintiff and the other members of the Plaintiff Class are not permitted to hire or subcontract other qualified individuals to provide additional services to patrons, as an independent contractor in business for themselves would.

31. Plaintiff and the Plaintiff Class make no capital investment in the facilities, advertising, maintenance, sound system and lights, food, beverage, and other inventory, or staffing of FAT CATZ. All investment and risk capital is provided by Defendant.

32. Defendant provides all facilities that are used by the Plaintiff Class.

33. Defendant manages all aspects of the business operation, including establishing the hours of operation, setting the atmosphere, coordinating advertising, hiring and controlling the staff (managers, waitresses, bartenders, bouncers/doormen, etc.). Defendant, not the Plaintiff Class, takes the true business risks.

34. The Plaintiff Class does not control the key determinants of profit and loss of Defendant's enterprise. Specifically, the Plaintiff Class is not responsible for any aspect of Defendant's on-going business risk. Defendant, as opposed to Plaintiff or the Plaintiff Class, is responsible for all financing, the acquisition and/or lease of the physical facilities and equipment, inventory, the payment of wages, and obtaining all appropriate business insurance and licenses.

35. Plaintiff and members of the Plaintiff Class shoulder no risk of loss. Defendant, not the shot girls, shoulders the risk of loss. The tips the shot girls receive are not a return for risk on capital investment. They are a gratuity for services rendered. From this perspective, it is clear that a shot girl's tips are no different than that of a waiter who serves food during a customer's meal at a restaurant.

36. Plaintiff worked at FAT CATZ from approximately May to July of 2021. Other members of the Plaintiff Class have, upon information and belief, worked at FAT CATZ for longer periods of time.

37. Shot girls, like the members of the Plaintiff Class, are essential to the success of FAT CATZ. The continued success of FAT CATZ depends to an appreciable degree upon their provision of drinks to patrons. In fact, the primary reason FAT CATZ exists is to serve drinks to customers.

38. Upon information and belief, all Defendant's actions were willful and not the result of mistake or inadvertence. Defendant was aware that the FLSA applied to its operation of FAT CATZ at all relevant times. Defendant was aware of other cases and enforcement actions relating to wage and hour violations where the misclassification of servers as independent contractors, as opposed to employees under the FLSA, was challenged. In those prior cases, servers working under conditions similar to those employed at FAT CATZ were determined to be employees under the FLSA, as opposed to independent contractors. Despite being on notice of violations, Defendant chose to continue to misclassify the Plaintiff Class and withhold payment of minimum wages to them in effort to enhance its profits. Defendant conspired with other bars under the same ownership to misclassify the Plaintiff Class as independent contractors, as opposed to employees, for their own financial gain.

39. In the event Defendant's actions were not willful, Plaintiff alleges in the alternative that Defendant's actions were negligent.

40. Plaintiff and all members of the Plaintiff Class have suffered injury, incurred damage, and financial loss as a result of Defendant's conduct complained of herein.

## CLASS ALLEGATIONS

41. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b). All requirements of 29 U.S.C. § 216(b) are satisfied.

42. The opt-in Class to be certified is defined as follows:

    All individuals, who at any time during the relevant period, worked as shot girls at Fat Catz, located at 440 Bourbon Street, New Orleans, Louisiana. (Referred to as the "Plaintiff Class").

43. The relevant period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment. In the event the Court finds that Defendant's actions were not willful, then the relevant time period is two years from the date on which this Complaint was filed and continues forward through the date of judgment.

44. Although the precise number of such individuals is currently unknown, Plaintiff believes that number of individuals who have worked as shot girls at FAT CATZ during the relevant time period but not paid any minimum wages is more than 15 women.

45. There are questions of law and fact common to the Plaintiff Class that makes the Plaintiff Class members similarly situated, including, but not limited to:
    a. whether Defendant violated the FLSA by classifying all shot girls as "independent contractors," as opposed to employees, and not paying them any minimum wages;
    b. whether Defendant violated the FLSA by failing to pay members of the Plaintiff's Class overtime pay as set forth and required by the FLSA;
    c. whether Defendant failed to timely pay members of the Plaintiff Class their tips within the time required by the FLSA;
    d. if Defendant violated the FLSA, the amount of damages and other relief (including all applicable civil penalties, liquidated damages and attorneys' fees) Plaintiff and the Plaintiff Class are entitled to; and

  e.  whether Defendant should be permanently enjoined from continuing to misclassify, and in turn, refuse to pay minimum wages, to the Plaintiff Class.

46. Plaintiff's claims are typical to those of the Plaintiff Class. Plaintiff, like other members of the Plaintiff Class, was misclassified as an independent contractor when she worked as a shot girl and was denied her rights to wages and gratuities under the FLSA. The misclassification of Plaintiff was done pursuant to a common business practice that affected all class members in a similar way. Plaintiff challenges Defendant's business practices under legal theories common to all members of the Plaintiff Class.

47. Plaintiff and the undersigned counsel are adequate representatives of the Plaintiff Class. Plaintiff is a member of the Plaintiff Class. Given Plaintiff's losses, she has an incentive to represent the Plaintiff Class and is committed to the prosecution of this action for the benefit of the Plaintiff Class. Plaintiff has no interests that are antagonistic to those of the Plaintiff Class nor that would cause her to act adversely to the best interests of the Plaintiff Class. Plaintiff has retained counsel experienced in class action litigation, including wage and hour disputes.

48. Prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Plaintiff Class, which would establish incompatible standards of conduct for Defendant.

49. Defendant has acted or refused to act on grounds that apply generally to the Plaintiff Class, so that final injunctive relief or corresponding declaratory relief is appropriate for all members of the Plaintiff Class that choose to opt into the collective action. The challenged practices are ongoing and Defendant continues to refuse to comply with the law.

50. Questions of law and fact common to the Plaintiff Class predominate over any questions affecting only individual members of the Plaintiff Class. A collective action is superior to other methods for the fair and equitable adjudication of this action.

## CLAIM FOR RELIEF
## VIOLATION OF THE FLSA

51. Plaintiff and the members of the Class repeat, reiterate, and reallege each and every allegation hereinabove, as applicable, with the same force and effect as though the same was herein set forth at length.

52. Defendant failed to pay class members the minimum wages set forth in 29 U.S.C. § 206, or any wages whatsoever.

53. Defendant failed to pay Plaintiff and all other members of the Plaintiff Class minimum wages throughout the relevant time period because it misclassified members of the Plaintiff Class as independent contractors.

54. Based on the foregoing, Plaintiff and all members of the Plaintiff Class are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 for all periods in which they worked at FAT CATZ.

55. Additionally, at no time did Defendant inform or otherwise give statutory notice to Plaintiff or other members of the Plaintiff Class of the FLSA's tip credit provisions to its tipped employees.

56. In the alternative, pursuant to 29 U.S.C. § 203(m), Plaintiff and members of the Class are entitled the lower minimum wage of $2.13 per hour worked for tipped employees, in addition to any tips they received during the relevant time period.

57. Plaintiff and other members of the Plaintiff Class worked in excess of 40 hours per week; however, Defendant has failed to pay Plaintiff and Class members the minimum wages as set forth in 29 U.S.C. § 207.

58. Defendant failed to pay Plaintiff and all other members of the Plaintiff Class overtime wages throughout the relevant time period because Defendant willfully misclassified them

as independent contractors. Furthermore, Plaintiff and all other members of the Plaintiff Class who worked as employees were willfully denied their overtime pay by Defendant although they worked in excess of forty hours per week.

59. Defendant failed to furnish Plaintiff and the members of the Plaintiff Class comprehensive statements showing the hours that they worked and the wages they received during any pay period in the relevant time period as required by FLSA and the promulgated regulations.

60. Based on the foregoing, Plaintiff seeks on behalf of herself, and all members of the Plaintiff Class, unpaid minimum wages at the required legal rate for all their working hours during the relevant time period, overtime wages at the required legal rate, liquidated damages, prejudgment interest, attorney's fees and costs and all other costs and penalties allowed by law. Further, Plaintiff seeks injunctive relief to compel Defendant to recognize Plaintiff Class members' employee status, to provide all payments guaranteed by law, and for this Court's continuing jurisdiction to enforce compliance.

WHEREFORE, PLAINTIFF, **GENGER COSSICH**, PRAYS THAT:

I. Defendant be duly cited to appear and answer this petition and be served with a copy thereof.

II. After due proceedings had and the lapse of all legal delays, there be judgment herein in favor of Plaintiff, **GENGER COSSICH**, and the Plaintiff Class against Defendant, **FAT CATZ,** individually and *in solido*, for such damages, back pay, liquidated damages, civil penalties, and attorneys' fees, as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

III. Enjoins Defendant, its agents, employees and successors, and all other persons in active concert or participation with Defendant, from:
    (a) classifying members of the Plaintiff Class as independent contractors instead of as employees;
    (b) failing to pay members of the Plaintiff Class minimum wage as required under the FLSA;

    (c)    failing to pay members of the Plaintiff Class overtime wages as required under the FLSA;

    (d)    failing to inform or otherwise give statutory notice to the Plaintiff Class of the FLSA's tip credit provisions;

    (e)    requiring the Plaintiff Class to pay a minimum commission of the tips they receive to the Defendant; and

    (f)    failing to provide the Plaintiff Class with comprehensive statements showing the hours that they worked and the wages they received.

IV.    PLAINTIFF FURTHER PRAYS for all orders and decrees necessary in the premises, and for all full, general and equitable relief to which she and her class members are entitled.

Respectfully submitted this 5th day of August 2022.

Respectfully submitted,

**BUSINESS LAW GROUP, LLC**

By: */s/ Amanda Butler*
Amanda J. Butler (T.A.) (Bar No.31644)
abutler@lawgroup.biz
900 Camp Street, Suite 450 (Physical)
New Orleans, Louisiana 70130
3436 Magazine Street, #8012 (Mailing)
New Orleans, LA 70115
Telephone: (504) 446-6506
Facsimile: (504) 754-7776
**Counsel for Plaintiff, Genger Cossich, and Plaintiff Class**

12